UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDELL EMBRY,

                Plaintiff,

v.

PIERCE COUNTY DETENTION
CORRECTIONS CENTER, et al,

                Defendants.

Case No. C09-5276FDB-KLS

ORDER TO SHOW CAUSE

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court upon its review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels

ORDER - 1

v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff names as defendants in his complaint both the Pierce County Detention and Corrections Center ("PCDCC") and the Pierce County Law Library (presumably the PCDCC's own law library), along with an unknown number of "John Doe" and one "Jane Doe" defendants, who apparently consist of the PCDCC's law librarian and "[s]upervisors", apparently among others. (Dkt. #1, p. 2). Plaintiff alleges that he was informed by the PCDCC's law library on May 6, 2009, that he could not get certain requested material therefrom, because it did not pertain to his "case at [h]and." (Id. at p. 3). He claims the PCDCC's law librarian, as well as the PCDCC's "Jail Staff" violated his state and federal constitutional rights, by, it seems, denying him access to the PCDCC's law library. (Id.).

Plaintiff's complaint, however, is deficient. First, while plaintiff does refer to a position title, i.e., law librarian, and to "Jail Staff" in general, as noted above, to state a valid claim under section 1983, he must set forth specific facts showing how "individually named" defendants caused or personally caused the harm alleged. Plaintiff has not done so here. That is, it is not sufficient

ORDER - 2

to merely refer to a position title, to prison staff or staff members in general or, even more lacking, to John and/or Jane Doe defendants.

Second, also as noted above, plaintiff in addition has named both the PCDCC and its law library as defendants in this case. Given that the law library would seem to be merely part of the PCDCC itself, it is not at all clear–and, frankly, unlikely–that it could or should be considered as being a defendant in its own right. Third, a local government agency, such as the PCDCC, can be held liable under section 1983. However, to do so plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). The agency also may be held liable under the above standards, if plaintiff identifies an agency "custom," as opposed to an actual "policy," caused the alleged injury. Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997).

For purposes of liability under section 1983, an official policy is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the [local government's] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." Brown v. Bryan County, 219 F.3d 450, 457 (5th Cir. 2000) (citation omited). On the other hand, as noted above, local government agency liability may be found if there is "[a] persistent, widespread practice of [agency] officials or employees, which, although not authorized by officially adapted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [agency] policy." Id.; Mariani v. City of Pittsburgh, 624 F.Supp. 506, 509 (W.D. Pa. 1986) (term "custom" denotes practice which is so widespread, well settled and permanent, that it rises to level of law).

ORDER - 3

Also as noted above, plaintiff must present evidence that "the [local government agency] action was taken with 'deliberate indifference' as to its known or obvious consequences." Brown (citing Board of County Commissioners, 520 U.S. at 407) ("A showing of simple or even heightened negligence will not suffice."); Board of County Commissioners, 520 U.S. at 410 ("[D]eliberate indifference' is a stringent standard of fault."). Further, plaintiff must "demonstrate that, through its deliberate conduct, the [agency] was the 'moving force' behind the injury alleged." Board of County Commissioners, 520 U.S. at 404 (emphasis in original). In other words, "a plaintiff must show that the [agency] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [agency] action and the deprivation of federal rights." Id.

To support his or her claim, plaintiff thus "must develop facts which demonstrate an 'affirmative link' between the misconduct" alleged and "some policy, express or implied, which has been adopted or authorized" by the local government agency. Mariani, 624 F.Supp. at 509; Wellington v. Daniels, 717 F.2d 932, 935-36 (4th Cir. 1983) (local government's acts or omissions actionable only if they constitute "tacit authorization" of or "deliberate indifference" to constitutional injuries). Plaintiff, however, has not made any factual showing that any policy or custom of the PCDCC was the moving force behind the violation of his constitutional rights alleged in the complaint.

Due to the deficiencies described above, therefore, the Court will not serve the complaint. Instead, plaintiff shall file an amended complaint with the Court, curing, if possible, the above-noted deficiencies, or show cause explaining why this matter should not be dismissed by no later than **July 15, 2009**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the

ORDER - 4

Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). If plaintiff chooses to file an amended complaint, therefore, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 15th day of June, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 5