UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDELL EMBRY,

                    Plaintiff,

v.

PIERCE COUNTY DETENTION CORRECTIONS CENTER, et al,

                    Defendants.

Case No. C09-5276FDB-KLS

SECOND ORDER TO SHOW CAUSE REGARDING DEFICIENT COMPLAINT

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court upon plaintiff's filing of an amended complaint (Dkt. #9) in response to the order to show cause issued by the Court directing him to do so (Dkt. #8). After reviewing the amended complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct

ORDER - 1

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his original complaint, plaintiff named as defendants in his complaint the Pierce County Detention and Corrections Center and the Pierce County Law Library, along with an unknown number of "John Doe" and one "Jane Doe" defendants. (Dkt. #1). The Court found in its prior order to show cause that in doing so, plaintiff had failed to set forth specific facts showing how "individually named" defendants caused or personally caused the harm alleged, and thus had failed to allege a valid section 1983 claim in his complaint any such defendant. The Court further noted that plaintiff had failed to allege a valid claim against either the detention center or law library under a theory of local government liability.

Accordingly, the Court directed plaintiff in its order to show cause to file an amended complaint curing, if possible, the above-noted deficiencies. On July 14, 2009, plaintiff did file an amended complaint, but that complaint also is fatally deficient. In his amended complaint, plaintiff names the following defendants: Pierce County Corrections, Gearid Horne and Greg

ORDER - 2

Adams. As to the first named defendant, Pierce County Corrections would appear to be a local government entity.

As the Court noted in its prior order to show cause, a local government entity can be held liable under section 1983, if it is shown that plaintiff: (a) was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the alleged constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). The entity also may be held liable under the above standards, if plaintiff identifies an entity "custom," as opposed to an actual "policy," caused the alleged injury. Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997).

For purposes of liability under section 1983, an official policy is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the [local government's] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." Brown v. Bryan County, 219 F.3d 450, 457 (5th Cir. 2000) (citation omited). On the other hand, as noted above, local government entity liability may be found if there is "[a] persistent, widespread practice of [agency] officials or employees, which, although not authorized by officially adapted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [agency] policy." Id.; Mariani v. City of Pittsburgh, 624 F.Supp. 506, 509 (W.D. Pa. 1986) (term "custom" denotes practice which is so widespread, well settled and permanent, that it rises to level of law).

Also as noted above, plaintiff must present evidence that "the [local government entity] action was taken with 'deliberate indifference' as to its known or obvious consequences." Brown (citing Board of County Commissioners, 520 U.S. at 407) ("A showing of simple or even

ORDER - 3

heightened negligence will not suffice."); Board of County Commissioners, 520 U.S. at 410 ("'[D]eliberate indifference' is a stringent standard of fault."). Further, plaintiff must "demonstrate that, through its deliberate conduct, the [entity] was the 'moving force' behind the injury alleged." Board of County Commissioners, 520 U.S. at 404 (emphasis in original). In other words, "a plaintiff must show that the [entity] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [entity] action and the deprivation of federal rights." Id.

To support his or her claim, plaintiff thus "must develop facts which demonstrate an 'affirmative link' between the misconduct" alleged and "some policy, express or implied, which has been adopted or authorized" by the local government entity. Mariani, 624 F.Supp. at 509; Wellington v. Daniels, 717 F.2d 932, 935-36 (4th Cir. 1983) (local government's acts or omissions actionable only if they constitute "tacit authorization" of or "deliberate indifference" to constitutional injuries). As in his original complaint, however, plaintiff has not made any factual showing that any policy or custom of Pierce County Corrections was the moving force behind the violation of his constitutional rights alleged in the complaint.

Plaintiff does name actual individual defendants this time, but the claims against them too are deficient. For example, he alleges defendant Horne, the local prosecutor in his state criminal case, violated his constitutional rights by preventing him from getting photocopies of discovery produced in that case. Prosecutors, however, are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects prosecutors who act within their authority and in a "quasi-judicial capacity." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986), 793 F.2d at 1076 (citing Imbler, 424 U.S. at 430-31).

ORDER - 4

"If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 674, 678 (9th Cir. 1984) (quoting Imbler, 424 U.S. at 430-31). Prosecutorial immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" Ashelman, 793 F.2d at 1075 (quoting Campbell v. Maine, 787 F.2d 776, 778 (1st Cir.1986)). Plaintiff has made no factual showing here that defendant Horne acting other than within his authority as an advocate or in a quasi-judicial capacity.

It is not clear who defendant Adams is, but to the extent that he too is a prosecutor, and in particular a prosecutor involved in plaintiff's state criminal case, prosecutorial immunity applies to him as well barring liability under section 1983. To the extent defendant Adams is other than a prosecutor, plaintiff has failed to allege a valid section 1983 claim against him, because he has not shown defendant Adams was acting under color of state law. As such, plaintiff's amended complaint remains just as deficient as his original complaint.

Due to the deficiencies described above, therefore, the Court will not serve the amended complaint. Instead, plaintiff shall file a second amended complaint with the Court, curing, if possible, the above-noted deficiencies, or show cause explaining why this matter should not be dismissed by no later than **August 16, 2009**. **Plaintiff is warned that this is the last opportunity he will be granted to do so, and that failure to timely cure those deficiencies will result in a recommendation for dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach

ORDER - 5

Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). If plaintiff chooses to file a second amended complaint, the Court thus will not consider either his original complaint or his first amended complaint. The amended complaint must carry the same case number as this one.

The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended complaint. The Clerk is further directed to send a copy of this Order to plaintiff.

DATED this 17th day of July, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6