UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDELL EMBRY,

        Plaintiff,

v.

PIERCE COUNTY DETENTION
CORRECTIONS CENTER, *et al*,

        Defendants.

Case No. C09-5276FDB-KLS

REPORT AND
RECOMMENDATION

Noted for November 20, 2009

    This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rules MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983, and is proceeding *in forma pauperis*. This matter is before the Court due to plaintiff's failure to properly respond to the court's previous orders to show cause, by filing an amended complaint curing the deficiencies noted therein. For the reasons set forth below, the undersigned recommends thus plaintiff's second amended complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

## DISCUSSION

    On June 15, 2009, the undersigned ordered plaintiff to file an amended complaint, curing certain fatal deficiencies in the original complaint he filed. (Dkt. #7). Because the amended complaint plaintiff filed in response to that order (Dkt. #9) also was similarly deficient, the undersigned ordered plaintiff to

REPORT AND RECOMMENDATION
Page - 1

1 file a second amended complaint (Dkt. #10). In addition, plaintiff was warned that any failure to cure al
2 such deficiencies in regard to the filing of a second amended complaint, would result in a
3 recommendation for dismissal thereof as frivolous pursuant to 28 U.S.C. § 1915, and in such dismissal
4 being counted as a "strike" under 28 U.S.C. § 1915(g).

5 On August 21, 2009, plaintiff filed a motion to voluntarily dismiss his first amended complaint.
6 (Dkt. #11). On September 10, 2009, however, plaintiff filed a second amended complaint. (Dkt. #12).
7 The undersigned, accordingly, issued an order directing plaintiff to inform the Court as to whether he still
8 wanted to voluntarily dismiss his first amended complaint, or whether he now preferred the Court to
9 strike his motion and instead have his second amended complaint considered. (Dkt. #13). On October 8,
10 2009, plaintiff informed the Court that he wished to pursue the latter course of action. (Dkt. #14). After
11 having reviewed plaintiff's second amended complaint, though, the undersigned finds it remains fatally
12 deficient, and thus recommends the Court dismiss it with prejudice as noted herein.

13 A complaint is frivolous if it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d
14 1221, 1228 (9th Cir. 1984). When an *in forma pauperis* complaint is frivolous, fails to state a claim, or
15 contains a complete defense to the action on its face, the Court may dismiss the complaint before service
16 of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). To state a
17 claim under 42 U.S.C. § 1983, the complaint must allege: (i) the conduct complained of was committed
18 by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or
19 immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535
20 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

21 Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements
22 are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985). Plaintiff also must allege facts
23 showing how individually named defendants caused or personally participated in causing the harm
24 alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be
25 held liable under 42 U.S.C. § 1983, though, solely on the basis of supervisory responsibility or position.
26 Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of
27 *respondeat superior* thus is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965,
28 968 (9th Cir. 1982).

In his second amended complaint, plaintiff continues to name as a defendant the Pierce County Detention Corrections Center. However, as plaintiff already has twice been informed by the undersigned, while a local government entity can be held liable under section 1983, facts must be presented to show a policy or custom was the moving force behind the alleged violation of his constitutional rights. In none of the complaints he has filed, though, including his most recent one, has this been done.

Plaintiff does include two other named individual defendants in his second amended complaint, but his claims against them too are deficient. Indeed, with respect to one of those defendants, Sgt. Jones, plaintiff fails to state how he caused or personally participated in causing the constitutional harm alleged. In regard to the other named defendant, the law librarian at the prison where plaintiff is incarcerated, it is alleged that this defendant rejected his request for certain legal materials he wanted, because they did not pertain to his "case". (Dkt. #12, p. 3). This refusal by the law librarian, plaintiff asserts, violated both his equal protection and due process rights, as well as his Eighth Amendment right to be free from cruel and unusual punishment. These claims are without merit.

The Equal Protection Clause requires that all persons similarly situated be treated similarly by the government. Inmates are protected under the Equal Protection Clause against invidious discrimination. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Lee v. Washington, 390 U.S. 333, 334 (1968). To set forth a *prima facie* violation of the Equal Protection Clause a plaintiff first must prove a discriminatory intent or purpose. Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 763 (9th Cir. 1991). Conclusory allegations by themselves do not establish an equal protection violation without further proof of invidious discriminatory intent. See Village of Arlington Heights, 429 U.S. at 265.

Plaintiff must "show that he was treated differently from other inmates because he belonged to a protected class." Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995); see also Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir. 1998) (to state claim under section 1983, intent or purpose to discriminate based upon membership in protected class must be shown). The fact that plaintiff is a prisoner does not itself qualify him as a member of a protected class for Equal Protection Clause purposes. See Wolff, 418 U.S. at 556 (prisoners protected from invidious discrimination based on race); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (inmates protected from intentional discrimination based on religion).

Prisoners also "do not constitute a suspect class." Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989); Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir. 1988). That is, "[t]he status of incarceration is neither an immutable characteristic, nor an invidious basis of classification." Moss, 886 F.2d at 690 (internal citations omitted). Further, when a suspect class is not implicated, the court must determine whether the alleged discrimination is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir. 1987) (citation omitted).

Here, plaintiff has not alleged the defendant law librarian discriminated against him based on race or religion. Village of Arlington Heights, 429 U.S. at 265; Vermouth, 827 F.2d at 602. Indeed, plaintiff does not even allege a discriminatory intent or purpose, nor has he demonstrated that defendant's alleged actions were patently arbitrary. Plaintiff thus has not shown that the denial of his requested legal materials violated his right to equal protection under the law. Nor has plaintiff sufficiently alleged a violation of his due process rights. The Due Process Clause of the Fourteenth Amendment provides that "no state shall 'deprive any person of life, liberty, or property without due process of law.'" Toussaint v. McCarthy, 801 F.3d 1080, 1089 (9th Cir. 1986). To assert a section 1983 claim based on the denial of procedural due process, three elements are required: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). None of these elements has been established here.

Substantive due process protects individuals from arbitrary and unreasonable government action which deprives any person of life, liberty, or property. Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir. 1994). To establish a substantive due process violation, the government's action must be shown to be "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Sinaloa Lake Owners, 882 F.2d 1398, 1407 (9th Cir. 1989) (quoting Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926)); Bateson v. Geisse, 857 F.2d 1300, 1303 (9th Cir.1988). As discussed above, plaintiff also has not made this showing.

Finally, in regard to plaintiff's Eighth Amendment claim of cruel and unusual punishment, he must satisfy two requirements:

> First, the deprivation alleged must be, objectively, "sufficiently serious." . . . For a claim . . . based on a failure to prevent harm, the inmate must show that he is

REPORT AND RECOMMENDATION
Page - 4

1 | incarcerated under conditions posing a substantial risk of serious harm.
Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Plaintiff also must show defendant had "a 'sufficiently culpable state of mind,'" which "is one of 'deliberate indifference' to" his "health or safety." Id. (citations omitted). Defendant must know of and disregard "an excessive risk to" plaintiff's health and safety, "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and" actually "draw the inference." Id. at 1979. Again, plaintiff has failed to show that his health or safety was at risk, or that the law librarian knew of and disregarded an excessive risk thereto.

CONCLUSION

Because plaintiff has failed to properly respond to the undersigned's orders to show cause by filing an amended complaint curing the deficiencies contained therein, the undersigned recommends the Court dismiss his second amended complaint with prejudice prior to service as frivolous pursuant to 28 U.S.C. §1915(e).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **November 20, 2009**, as noted in the caption.

DATED this 23rd day of November, 2009.

Karen L. Strombom
United States Magistrate Judge